**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH C. TOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES WYNDER, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA, THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **PENNSYLVANIA** | : | **NO. 07-0087** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                    **AUGUST 6, 2008**

Petitioner Joseph C. Toy ("Toy") has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  The petition was referred to the Honorable Linda K. Caracappa, United States Magistrate Judge, for a Report and Recommendation ("R&R").  The Magistrate Judge recommended that the petition be denied.  Toy filed objections and the court granted his motion for leave to conduct discovery.  After discovery, Toy filed supplemental objections to the R&R. For the reasons discussed in this memorandum, the R&R will be approved and adopted as modified, Toy's objections and supplemental objections will be overruled, and the habeas petition will be denied.

**I.       FACTS AND PROCEDURAL HISTORY**

Toy was convicted of rape, two counts of kidnapping, involuntary deviate sexual intercourse ("IDSI"), two counts of robbery, and conspiracy in the Court of Common Pleas of Philadelphia County.  On the rape, kidnapping and IDSI convictions, he was sentenced to ten to twenty years, to run concurrently.  On each of the two robbery and the one conspiracy convictions, he was sentenced to five to ten years, to run consecutively with one another and

concurrently with the rape, kidnapping and IDSI sentences.[1]  Toy's total sentence was a

minimum of fifteen years and a maximum of thirty years.  The effective date of the sentence was

November 18, 1976.

On appeal, the Superior Court of Pennsylvania vacated Toy's sentence for one of the

robbery convictions and remanded for resentencing.  On December 7, 1987, Toy was resentenced

as follows:

| | |
|---|---|
| Bill 985 (rape) | 10 to 20 years concurrent with Bill 986 and consecutive to Bill 993 |
| Bill 986 (kidnapping) | 10 to 20 years concurrent with Bill 985 and consecutive to Bill 993 |
| Bill 987 (kidnapping) | 10 to 20 years concurrent with Bill 990 |
| Bill 990 (IDSI) | 10 to 20 years concurrent with Bill 987 |
| Bill 993 (robbery) | 5 to 10 years concurrent with Bill 987 and Bill 990 |
| Bill 994 (conspiracy) | 5 to 10 years consecutive to Bill 993 but concurrent to the last five years of Bills 987 and Bill 990. |

--------------------------------------------------

[1]The Magistrate Judge, relying on the respondents' response to Toy's habeas petition, mistakenly stated that the "sentences for two robbery convictions and the conspiracy conviction were to run concurrent to each other and consecutive to the rape, kidnapping and IDSI sentences."  (R&R 1-2.)  In the response to Toy's habeas petition, respondents had mischaracterized the court's finding in Toy v. Beard, 631 M.D. 2003 at 1-2 (Commonwealth Ct. July 21, 2005).  The sentences on the robbery and conspiracy convictions were to run consecutively with each other and concurrently with the rape, kidnapping and IDSI sentences. See Toy v. Beard, 631 M.D. 2003 at 1-2 .  The Magistrate Judge's error was harmless, so the R&R will be adopted as modified by this correction.

On a second appeal, the Superior Court vacated the IDSI sentence, but the other convictions, and Toy's sentence, were unchanged.  The total sentence remained at fifteen to thirty years.

On January 29, 1993, Toy was paroled from his sentence; on December 8, 1993, he was arrested as a technical parole violator for leaving the state.  On October 13, 1994, Toy was paroled; on February 3, 1995, he again was arrested for leaving the state.  On November 5, 1999, Toy was released on parole; on June 19, 2001, he was arrested by the Upper Darby police for theft and related offenses.  The Parole Board lodged a detainer against Toy pending the outcome of the new charges.  Toy posted bail on the new charges on November 7, 2001.  On February 5, 2002, Toy pled guilty to the theft charges; he was sentenced to twenty-three months imprisonment.  On April 24, 2002, the Parole Board recommitted Toy as a convicted parole violator and the Board set his maximum release date at October 22, 2010.

Toy seeks a writ of habeas corpus on the grounds that his sentences were illegally aggregated and his sentence was illegally calculated.  In response to Toy's petition, respondents argued the Department of Corrections properly aggregated Toy's sentences because under 42 Pa. C.S.A. § 9757, whenever a court determines sentences should be served consecutively, the court shall state the "minimum sentence to be served for the total of all offenses with respect to which sentence is imposed."[2]  Respondents also argued Toy's sentence was not illegally calculated because convicted parole violators do not receive credit for the time at liberty on parole.  According to respondents' calculations, Toy owed the following time on his sentence: 312 days from January 30, 1993 to December 8, 1993; 390 days from October 13, 1994 to November 7,

---

[2]Respondents incorrectly cited 62 Pa. C.S.A. § 9757.  The correct provision is at 42 Pa. C.S.A. § 9757.

1995; and 2570 days from November 5, 1999 to November 18, 2006, the amount of time which remained to be served when Toy was paroled on November 5, 1999.  Respondents allowed Toy ninety days' credit for the time he spent incarcerated on his new criminal conviction after he posted bail and before he was sentenced.  Respondents averred Toy owed a total of 3182 days; the amount owed was added to February 5, 2002, to establish a new maximum date of October 23, 2010.

Toy's petition was referred to Magistrate Judge Caracappa for an R&R.  The Magistrate Judge found Toy's sentence was properly calculated because: (1) Pennsylvania law mandates aggregation of consecutive sentences; and (2) a person who is recommitted as a convicted parole violator is not entitled to any credit for time spent on parole.  The Magistrate Judge denied Toy's motion for discovery.

Toy filed objections to the R&R and a motion for leave to conduct discovery.  After a hearing, the court granted Toy's motion for leave to conduct discovery and sent Toy copies of the following materials: (1) Toy v. Beard, 631 M.D. 2003 (Commonwealth Ct. July 21, 2005); (2) sentencing orders dated April 11, 1977; and (3) resentencing orders dated December 7, 1987. The court granted Toy leave to file supplemental objections to the R&R within ten days of receiving the discovery.  Toy timely filed supplemental objections to the R&R.

In his objections, Toy argues the primary issue for review is whether the five to ten year component of the sentence had been stipulated to run prior to the ten to twenty year component of the sentence.  Toy explains the five to ten year component of his sentence was served first, and expired on November 18, 1986; so when he was resentenced on December 7, 1987, he only could have been resentenced to the ten to twenty year component of the sentence.  Moreover, according

4

to Toy, since one of his sentences was set aside as a result of a direct attack, he was entitled to

sentencing credit for all time served on the sentence.  Toy argues when he was resentenced to ten

to twenty years, the effective date was November 18, 1976, and the maximum date was

November 18, 1996.  Toy also argues that the new calculation of his maximum sentence, based

on his being paroled on November 5, 1999, was invalid because his maximum sentence expired

on November 18, 1996.

## II.   DISCUSSION

A district court reviews *de novo* those portions of a magistrate judge's report and

recommendation to which objection is made.  See 28 U.S.C. § 636(b)(1)(c).

In his objections, Toy argues the five to ten year component of his sentence had run prior

to the ten to twenty year component, so when he was resentenced on December 7, 1987, the five

to ten year component of his sentence already had been served.  Toy asserts, "the only senetnce

[sic] to which he could've been re-sentenced on and re-imposed on the date of December 7, 1987

was the 10-20 year component, to which was the second component of his sentence."  (Petr.'s

Supplemental Objections 3.)[3]  Toy relies on North Carolina v. Pearce, 395 U.S. 711 (1969),

overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989).  In Pearce, the Supreme

Court found punishment already exacted must be fully credited in imposing sentence on a new

conviction for the same offense.  Id. at 718-19.

Resentencing orders dated December 7, 1987 show the ten to twenty year concurrent

sentences on Toy's rape (Bill 985) and kidnapping (Bill 986) convictions were to be served

_____

[3]Toy does not contest the Magistrate Judge's findings that consecutive sentences could be
aggregated and that no credit for time served on parole is granted to parole violators, so these
findings are approved and adopted.

consecutive to the five to ten year sentence on Toy's robbery (Bill 993) conviction.  (Pet. for Writ of Habeas Corpus, Ex B.)  These sentences are lawfully aggregated under 42 Pa. C.S. § 9757. See Commonwealth v. Harris, 620 A.2d 1175, 1179 (Pa. Super. 1993); Gillespie v. Dep't of Corrections, 527 A.2d 1061, 1065 (Pa. Commw. 1987).  Toy is correct that the sentencing judge stated the five to ten year sentence was to be served first; on the resentencing order for Toy's kidnapping (Bill 986) conviction, the judge stated the ten to twenty year sentence was to "begin on expiration" of the five to ten year robbery (Bill 993) sentence.  (Pet. for Writ of Habeas Corpus, Ex B.)

Toy is incorrect that he could not have been resentenced to the five to ten year component of his sentence on December 7, 1987.  One of Toy's robbery convictions was vacated, but a conspiracy and robbery conviction remained.  The Superior Court remanded to the trial court for resentencing.  At resentencing, the judge imposed five to ten year sentences for robbery and conspiracy, consecutive to ten to twenty year sentences for rape and kidnapping, for a total sentence of fifteen to thirty years.

Toy correctly notes that he had already served more than ten years by the time he was resentenced.  But, as his resentencing had an effective date of November 18, 1976, he received credit as required under Pearce for time served between November 18, 1976, and December 7, 1987.  Even though Toy had already served more than ten years as of December 7, 1987, he still had almost nineteen years to serve on his maximum sentence of thirty years.  Thus, Toy is incorrect that his maximum sentence expired on November 18, 1996; as of resentencing, his maximum sentence expired on November 18, 2006, and following Toy's parole violations, his maximum sentence release date was properly recalculated as October 23, 2010.

6

Toy's additional objection – that the new calculation of his maximum sentence was invalid for including his parole on November 5, 1999, because his maximum sentence expired on November 18, 1996 – is unavailing because his maximum sentence as of resentencing expired on November 18, 2006.

## III.    CONCLUSION

The R&R will be approved and adopted as modified by footnote 1 of this memorandum. Toy's objections and supplemental objections will be overruled.  The habeas petition will be denied.  There is no probable cause to issue a certificate of appealability.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH C. TOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES WYNDER, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA, THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **PENNSYLVANIA** | : | **NO. 07-0087** |

<u>**ORDER**</u>

  **AND NOW**, this 6th day of August, 2008, upon consideration of petitioner's petition for writ of habeas corpus, the Report and Recommendation of the Honorable Linda K. Caracappa, United States Magistrate Judge, petitioner's objections and supplemental objections, and all other relevant papers, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

  1. The Report and Recommendation (paper no. 10) is **APPROVED and ADOPTED** with the modification stated in footnote 1 of the accompanying memorandum.

  2. Petitioner's objections (paper no. 11) and supplemental objections (paper no. 17) are **OVERRULED**.

  3. Petitioner's petition for writ of habeas corpus (paper no. 1) is **DENIED**.

  4. There is no probable cause to issue a certificate of appealability.

  5. The Clerk of Court shall mark this action **CLOSED** for statistical purposes.

        /s/ Norma L. Shapiro
        Norma L. Shapiro, S.J.