IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH C. TOY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JAMES WYNDER, et al.** | : | **NO. 07-0087** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, J.**                                                                                                           **March 17, 2009**

Pro se petitioner, Joseph C. Toy, has filed a Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e). Joseph C. Toy is an inmate currently incarcerated at SCI Dallas. On December 31, 2006, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241 claiming the Pennsylvania Department of Corrections illegally calculated his sentence so that he is incarcerated beyond his maximum date in violation of his constitutional rights.

On June 28, 2007, Magistrate Judge Linda K. Caracappa issued a Report and Recommendation that Toy's petition be denied. On August 6, 2008, this court adopted the Report and Recommendation, dismissed Toy's petition and did not issue a Certificate of Appealability. The time for application for a Certificate of Appealability having passed, Toy has filed a motion pursuant to Fed. R. Civ. P. 59(e) that, in effect, asks the court to reconsider its order of August 6, 2008.

Federal Rule of Civil Procedure 59 and Local Rule of Civil Procedure 7.1 permit a party to move the court for reconsideration within 10 days of entry of judgment. Fed. R. Civ.P. 59(e) E.D. Pa. R. 7.1(g). Prusky v. Phoenix Life Ins. Co. 2003 WL 22597610, *2 (E.D.Pa.2003). The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

A motion for reconsideration will be granted only if: (1) new evidence becomes available; (2) there has been an intervening change in the controlling law; or (3) a clear error of law or manifest

injustice must be corrected. NL Indus. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir. 1995). Breslin v. Brainard, 2004 WL 1053011, *1 (E.D.Pa. 2004).

Toy has not cited any intervening change in the law since the Order of August 8, 2008 was filed nor has he stated any new evidence not available to him when he filed his original petition. He claims a clear error of law in denying the petition because the Department of Corrections had no authority to aggregate his sentences. He correctly points out that Gillespie v. Dept. of Corrections, 527 A.2d 1061, 1065 (Pa. Commw. 1987), cited by the court in the order he seeks to vacate, holds that 42 Pa. C.S.A. § 9757 requires the aggregation of two consecutive sentences, but that Gillespie was decided after the date of his sentencing and to apply it retroactively would be double jeopardy (i.e., an ex post facto application of statutory law.

At the time Toy was sentenced, former 18 Pa. C.S.A. § 1357, the predecessor statute to 42 Pa. C.S.A. § 9757, gave statutory authority for the aggregation.[1]  See Blackwell v. Pennsylvania Board of Probation and Parole, 387 A.2d 508 (Pa. Cmwlth. 1978). Former 18 Pa. C.S.A. § 1357 and 42 Pa. C.S.A. § 9757 provide identically:

> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, **the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed**. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

(Emphasis added.) The Department of Corrections was correct in aggregating petitioner's sentences to obtain the maximum date of which he complains. Petitioner's motion will be denied.

---

[1] Former 18 Pa. C.S.A. § 1357 went into effect 90 days after being signed into law on December 30, 1974, was in effect at the time of petitioner's original sentencing on April 11, 1977, and remained in effect until transferred to 42 Pa. C.S.A. § 9757 in 1980. See Wilson v. Commonwealth of Pennsylvania, 492 A.2d 222, 225 n. 4 (Pa. Cmwlth. 1985).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH C. TOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES WYNDER, et al.** | : | **NO. 07-0087** |

### ORDER

AND NOW, this 17th day of March, 2009, upon consideration of petitioner's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and respondent's response thereto, it is hereby **ORDERED** that said motion is **DENIED**.

      /s/ Norma L. Shapiro
      Norma L. Shapiro, J.